UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMANUEL SHAWN COATES,

        Plaintiff,

v.

JAMES RICHARDS, *et al.*,

        Defendants.
_____/

Case No. 2:05-CV-3

HON. RICHARD ALAN ENSLEN

**ORDER**

      This matter is before the Court on Plaintiff Emanuel Shawn Coates' Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of March 31, 2005. The Report recommended the denial of Plaintiff's motion for a temporary restraining order and for a preliminary injunction. This Court now reviews the Objections, the Report, and pertinent parts of the record *de novo* in accordance with 28 U.S.C. § 636.

      Plaintiff's motion requests the Court to order Defendant Kafczynski to stop harassing or intimidating prisoner Edward MacDonald for providing an affidavit in support of Plaintiff's claims against Defendant. (Pl.'s Mot. at 2-3.) Plaintiff asserts that irreparable harm will occur if, as a result of Defendant Kafczynski's alleged harassment, MacDonald refuses to testify in support of Plaintiff's claims. *Id.* Plaintiff objects to the Magistrate Judge's determination that Plaintiff is unlikely to succeed on the merits of his claim and that Plaintiff has failed to show he will suffer irreparable harm without a preliminary injunction. (Objs. at 2, 4.)

      The Court must consider four factors when determining whether to grant a preliminary injunction:

> (1) the likelihood that the party seeking the preliminary injunction will succeed on the merits of the claim; (2) whether the party seeking the injunction will suffer

1

    irreparable harm without the grant of the extraordinary relief; (3) the probability
    that granting the injunction will cause substantial harm to others; and (4) whether
    the public interest is advanced by the issuance of the injunction.

*Washington v. Reno*, 35 F.3d 1093, 1099 (6th Cir. 1994) (citing *Keweenaw Bay Indian Cmty.*, 11 F.3d 1341, 1348 (6th Cir. 1993)). Upon such consideration the Court must balance the four factors to determine whether a preliminary injunction is warranted. *See Glover v. Johnson*, 855 F.2d 277, 282 (6th Cir. 1988). In making such a determination, the Court notes that "[i]njunctive relief against a state agency or official must be no broader than necessary to remedy the constitutional violation." *Knop v. Johnson*, 977 F.2d 996, 1008 (6th Cir. 1992) (citing *Toussaint v. McCarthy*, 801 F.2d 1080, 1086 (9th Cir. 1986)). "Fundamental precepts of comity and federalism admit of no other rule--and such precepts 'are perhaps nowhere more compelling than in actions seeking relief against unconstitutional practices ... in state penal institutions.'" *Knop*, 977 F.2d 1008 (citing *Kendrick v. Bland*, 740 F.2d 432, 437 (6th Cir.1984)).

  Upon review of the record, the Court finds that Plaintiff has failed to demonstrate a substantial likelihood that he will succeed on his underlying § 1983 claims. Plaintiff has presented no evidence which could support his claim. Furthermore, Plaintiff has failed to establish that he will suffer *irreparable* harm in the absence of a preliminary injunction. For those reasons and the analysis set forth in the Report, the Court will deny Plaintiff's objections and adopt the Report.

  **THEREFORE, IT IS HEREBY ORDERED** that Magistrate Judge Timothy P. Greeley's Report and Recommendation of March 31, 2005 (Dkt. No. 42) is **ADOPTED**, Plaintiff Emanuel Shawn Coates' Objections (Dkt. No. 54) are **DENIED**, and Plaintiff's *Ex Parte* Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. No. 34) is **DENIED.**

|  |  |
|---|---|
|  | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
|   May 17, 2005 | UNITED STATES DISTRICT JUDGE |