UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMANUEL SHAWN COATES,

        Plaintiff,

    v.

KATHERINE KAFCZYNSKI, *et al.*,

        Defendants.

_____/

Case No. 2:05-CV-3

Hon. Richard Alan Enslen

**OPINION**

    This matter is before the Court on Plaintiff Emanuel Shawn Coates and Defendants Katherine Kafczynski, James Richards, and Terry Sherman's Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation of September 27, 2005 ("Report"), which recommended a denial of Defendants' Motions for Summary Judgment,[1] Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction, and Plaintiff's Motion to Strike the Affidavit of Kevin Smiley.  This Court now reviews the Report, the Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

    Although Plaintiff's First Amended Complaint lodged various allegations against Defendants, the Report observed that the only remaining claim before the Court was for First Amendment retaliation by Defendants Richards, Sherman, and Kafczynski.[2]  Concerning the retaliation claim, Plaintiff was assigned to work as a legal writer in the legal writing program where

---

[1] Technically, Defendant Sherman moved to dismiss this action but since he has asked the Court to consider evidence beyond the pleadings, the Court will construe his Motion as seeking summary judgment, FED. R. CIV. P. 12(b), along with Defendants Kafczynski and Richard's Motion for Summary Judgment.

[2] The other named Defendants were dismissed on February 9, 2005.

he was incarcerated.  The program is designed to assist inmates with the preparation and submission of their legal papers to the courts.  Plaintiff maintains that Defendant Kafczynski disliked the legal writing program and wanted to thwart the program.

On July 17, 2004, Plaintiff was working as a legal writer drafting a petition for writ of *habeas corpus*.  Plaintiff claims he was working feverishly to meet a docket deadline when Defendant Kafczynski ordered him to assist other prisoners who were on law library call out.  Plaintiff assisted the inmates but later asked Defendant Kafczynski why she did not order a law clerk to complete that task since there was a law clerk scheduled to work and he was pressed to meet a deadline.  According to Plaintiff, Defendant Kafczynski stated that she was not concerned with his deadline and would not call the other clerk.  Plaintiff charged Defendant Kafczynski with constantly abusing her supervisory authority over him as well as paying clerks who didn't show up for their assignments.  Plaintiff contends Defendant Kafczynski's order that he perform work ordinarily done by law clerks was designed to frustrate his work as a legal writer.

Plaintiff maintains that he previously complained to the legal writing program's supervising attorneys and to Defendant Kafczynski's superiors.  Plaintiff believes Defendant Kafczynski was aware of his complaints.  On July 17, 2004, Plaintiff filed a grievance against Defendant Kafczynski.  On July 19, 2004, Defendant Kafczynski wrote an allegedly fabricated work evaluation report that gave Plaintiff a poor evaluation and indicated he was unwilling to assist in the law library when asked.  Defendant Richards interviewed Plaintiff in response to his grievance.  Plaintiff asserts Defendant Richards told him he would not prevail against Defendant Kafczynski and that if he pursued his grievance further, he would be transferred.  Plaintiff refused to abandon his claim and

pursued his grievance against Kafczynski through steps II and III. On August 17, 2004, Plaintiff was transferred.

Defendants moved for summary judgment and the Report found that fact issues remain in Plaintiff's retaliation claim and also—largely because of the factual dispute—that Defendants should not be accorded qualified immunity. The Report considered there to be two independently believable stories that can be supported by fact and argument: (1) that Plaintiff was transferred in retaliation for his grievance; or (2) that his transfer was routine, administrative, and designed to give Plaintiff the opportunity to receive legal writing training.[3] The Report recommended that Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction be denied because he could not sustain his initial burden of demonstrating a strong or substantial likelihood of success on the merits, particularly given his heightened burden due to the inherent disruption injunctive relief visits upon prison administration. The Report also recommended denial of Plaintiff's Motion to Strike the Affidavit of Kevin Smiley because the record did not contain such an affidavit.[4]

Defendants' first Objection suggests that Plaintiff has not met his burden under Federal Rule of Civil Procedure 56 and that he has submitted no testimony or evidence to support his claim.[5] The Sixth Circuit has held "that documents submitted in support of a motion for summary judgment must

---

[3] Legal writers are required to undergo 30 days of training. Even though Plaintiff has not completed this training, he was given a legal writing position because of a demonstrated ability.

[4] Plaintiff did not object to the Report's recommended denial of his Motion to Strike.

[5] In his Response to Defendants' Objections, Plaintiff believes Defendants' Objections are untimely. Upon review, the Court finds that because 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b) provide the parties with ten days to object to the Report, Defendants' Objections were timely. *See* FED. R. CIV. P. 6(a) ("when the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.").

satisfy the requirements of Rule 56(e); otherwise, they must be disregarded." *Moore v. Holbrook*, 2 F.3d 697, 699 (6th Cir. 1993); *Logan v. Denny's, Inc.*, 259 F.3d 558, 570 (6th Cir. 2001). Thus, in resolving a Rule 56 motion, the Court should not consider unsworn or uncertified documents, *Id.*, unsworn statements, *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 968-69 (6th Cir. 1991), inadmissible expert testimony, *North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280 (6th Cir. 1997), or hearsay evidence, *Carter v. Univ. of Toledo*, 349 F.3d 269, 274 (6th Cir. 2003); *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996); *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994). The Court observes that in opposition to Defendants' summary judgment motion, Plaintiff submitted his own sworn affidavit and the sworn affidavits of Edward MacDonald and Adna H. Underhill that corroborated his version of the transfer.[6] The affidavits largely contradict Defendants' contentions and suggest that Plaintiff was transferred in retaliation for filing a grievance against Defendant Kafczynski. Therefore, the Report correctly found material fact issues remain unresolved and Defendants' objection is denied.

Defendants' second objection is that because the Report's found "Plaintiff has not presented any factual evidence which could even come close to showing that he has a substantial likelihood of success on merits of his claims" with regard to injunctive relief, this finding undermines the Report's appraisal that fact issues remain unresolved in Plaintiff's retaliation claim. Defendants' objection is simply a misunderstanding of the procedural posture of Plaintiff's claims. Plaintiff moved for a temporary restraining order and/or preliminary injunction to prevent Defendant Kafczynski and those acting on her behalf from looking through Plaintiff's property and harassing

---

[6] However, some of the Underhill affidavit is hearsay and the Court disregarded those portions. *See Hartsel*, 87 F.3d at 799.

Plaintiff's incarcerated witnesses. Thus, the fact that Plaintiff cannot show a strong or substantial likelihood that he would be successful on the merits that Defendant Kafczynski has been looking through his property or harassing his witnesses has little to do with his original retaliation claim. There is no incongruity in the Report's evidentiary findings since those findings relate temporally and substantively to different events. Therefore, Defendants' objection is denied.

Plaintiff's first Objection is the Report neglected to discuss Defendants' failure to respond to Plaintiff's argument that his complaints about Defendant Kafczynski and his grievance against her were protected conduct, and therefore, summary judgment is proper for Plaintiff on that point.[7] The Report never addressed this point because Plaintiff never moved for summary judgment on that basis—he simply argued it in his response as a non-movant. Since it was Defendants who moved for summary judgment, they are entitled to control what points or elements they believe Plaintiff cannot establish as a matter of law. FED. R. CIV. P. 56. Had Plaintiff moved for summary judgment, and the Court invites him to do so, only then would the Court be compelled to consider his argument, but until that time the Court cannot grant summary judgment to those who do not move for it. Therefore, Plaintiff's first objection is denied.

Plaintiff's second objection is that the Report erred in recommending a denial of his Motion for a Temporary Restraining Order and/or Preliminary Injunction, because the Report viewed the record under a standard of "'substantial' likelihood, rather than the more subtle light of 'strong'

---

[7] To state a claim for First Amendment retaliation, Plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

likelihood when considering Plaintiff's motion for temporary restraining order and/or preliminary injunction."  (Pl.'s Objs. at 4).

According to the Sixth Circuit Court of Appeals:

It is well-settled that district courts evaluating requests for preliminary injunctive relief must consider four interrelated criteria:

> 1) Whether the plaintiffs have shown a strong or substantial likelihood or probability of success on the merits;
> 2) Whether the plaintiffs have shown irreparable injury;
> 3) Whether the issuance of a preliminary injunction would cause substantial harm to others; [and]
> 4) Whether the public interest would be served by issuing a preliminary injunction.

*N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989); *see also United Food & Commercial Workers Union, Local 1099 v. Sw. Ohio Reg'l Transit Auth.*,  163 F.3d 341, 347 (6th Cir. 1998); *Weaver v. Univ. of Cincinnati*, 942 F.2d 1039, 1043 (6th Cir. 1991).  Plaintiff's claim that he should only have to show a strong likelihood is meritless.  The adjectives "substantial" and "strong" surround the word "or", suggesting that they are interchangeable.  It is simply irrelevant which word the Report employs (substantial or strong) when considering Plaintiff's motion for injunctive relief because they convey exactly the same meaning in this context.[8]  This is particularly true given a prisoner's heightened burden and necessity of showing a constitutional deprivation when seeking to enjoin prison officials.  *Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988).

Therefore, for the reasons stated in the Report and this Opinion, Defendants' Motion for Summary Judgment is denied, Plaintiff's Motion for a Temporary Restraining Order and/or

---

[8] Plaintiff also contends that because the Report recommended a denial of Defendants' Motion for Summary Judgment, he is entitled to a temporary restraining order and/or preliminary injunction.  As simply the inverse of Defendants' Objection, Plaintiff's Objection is victim to the same defect.  His retaliation claim has nothing to do with his claim for injunctive relief.

Preliminary Injunction is denied, and Plaintiff's Motion to Strike the Affidavit of Kevin Smiley is

denied.  An Order shall issue in accordance with this Opinion.

                                               /s/ Richard Alan Enslen

DATED in Kalamazoo, MI:           RICHARD ALAN ENSLEN

      December 7, 2005           SENIOR UNITED STATES DISTRICT JUDGE