UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

EMANUEL SHAWN COATES,

       Plaintiff,

   v.

KATHERINE KAFCZYNSKI, *et al.*,

       Defendants.

_____/

Case No. 2:05-CV-3

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Plaintiff Emanuel Shawn Coates' Objections to several of United States Magistrate Judge Timothy P. Greeley's Orders. Specifically, Judge Greeley denied Plaintiff's Motion for Appointment of Counsel and his Amended Motion for Appointment of Counsel. Judge Greeley also granted in part and denied in part Plaintiff's motions for leave to take the depositions of Defendants, other Michigan Department of Corrections ("MDOC") staff members, and four prisoners. Plaintiff objected to all three rulings.

The Court reviews Judge Greeley's Orders for clear error and to assure accordance of law. FED. R. CIV. P. 72(a); W.D. MICH. LCIVR 72.3(a); 28 U.S.C. § 636(b)(1)(A). In applying this standard, the Court, like any reviewing court, will not reverse Judge Greeley's Orders simply because the Court "would have decided the case differently." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). "Rather, a reviewing court must ask whether, based 'on the entire evidence,' it is 'left with the definite and firm conviction that a mistake has been committed.'" *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). It is Plaintiff's task to convince this Court that such error resides in Judge Greeley's Orders.

Plaintiff has brought this civil action pursuant to Title 42 of the United States Code, section 1983, and has requested the assistance of counsel in prosecuting his claims. The Court begins by noting that it is exceedingly rare to appoint counsel in a civil matter. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993). When considering such requests, the Court should ascertain: (1) whether the action presents a colorable claim for relief; (2) the litigant's ability to investigate crucial facts; (3) whether the nature of the evidence indicates that the truth will more likely be revealed when both sides are represented by counsel; (4) the ability of the litigant to present his case; and (5) the complexity of the legal issues presented. *McKeeves v. Israel*, 689 F.2d 1315, 1320-21 (7th Cir. 1982); *Lavado*, 992 F.2d at 605-06. Judge Greeley's Orders of December 27, 2005 and January 10, 2006 considered the aforementioned factors but found the assistance of counsel unnecessary. Accordingly, Judge Greeley denied both requests.

Plaintiff's Objections aver that Judge Greeley erred because he did not adequately account for Plaintiff's incarceration and poverty as conditions limiting his ability to investigate crucial facts. A district court has discretionary authority to appoint counsel for an indigent civil litigant under 28 U.S.C. § 1915(d), and, as noted earlier, the conditions supporting that discretionary grant should be extraordinary. *Lovado*, 992 F.2d at 604-05. In reviewing Plaintiff's request, there is nothing exceptional concerning Plaintiff's incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation. *Cf. United States v. Forfeiture of Property Located at 1604 Oceola, Wichita Falls, Tex.*, 803 F. Supp. 1194, 1198-99 (N.D. Tex. 1992) (merely being incarcerated does not create exceptional circumstances).

Furthermore, this Court has already taken note that Plaintiff is a skilled prisoner-litigator, (*See* Dec. 7, 2005 Op. at n.3), and has otherwise adequately presented argument and marshaled evidence supporting his claim. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("The key [to determining whether exceptional circumstances exist] is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court."). Consequently, the Court finds no error in Judge Greeley's Orders concerning Plaintiff's requests to appoint counsel. Plaintiff's Objections on this ground will be denied.

In addition, Plaintiff sought leave to depose prisoners Kenneth Leon Marion, Edward Alex MacDonald, Lionel Hunter, and John Robert Umbarger. Plaintiff also sought leave to depose Defendants Katherine Kafczynski, James Richards, Terry Sherman, and several MDOC staff members, including: Thomas G. Lee, Joseph Warren, Javy Kivisto, Julie Cady, Michael Zorich, and Martin Osterman. Judge Greeley granted Plaintiff's request, but noted that Plaintiff would be responsible for any costs accompanying the depositions. Plaintiff objects to Judge Greeley's Order and asserts that requiring him to pay his deposition costs equals a constructive denial of his request since he has proceeded in this action *in forma pauperis*.

The United States District Court for the Northen District of Illinois has dealt with a similar situation to the case at bar and opined that:

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D. N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072 (S.D. N.Y. 1985) (no clear statutory authority for the repayment

>of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D. N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D. N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").
>
>The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions. Instead, plaintiff may conduct his discovery by means of written interrogatories.

*Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, *1 (N.D. Ill. June 26, 1996); *see also Belle v. Crawford*, No. CIV. A. 91-8013, 1993 WL 59291, *8 (E.D. Pa. Mar. 8, 1993) ("A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the *in forma pauperis* statute . . . , likewise does not require the Government to advance funds for deposition expenses.") (other citations omitted).

Similarly, this Court does not believe Plaintiff should be absolved of the costs associated with his depositions, since he can use Federal Rule of Civil Procedure 33 to effect discovery. Should Plaintiff require more interrogatories than that Rule allows, he is invited to seek leave of the Court; however, Plaintiff is cautioned that discovery requests must be served for proper purposes. *See* FED. R. CIV. P. 26(b). Therefore, the Court will deny Plaintiff's Objections on this ground. An Order consistent with Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>     February 22, 2006 |  /s/ Richard Alan Enslen   <br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |