UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

EMANUEL SHAWN COATES,

        Plaintiff,

v.

KATHERINE KAFCZYNSKI, *et al.*,

        Defendants.
_____/

Case Nos.  2:05-CV-03

Hon. Richard Alan Enslen

**OPINION**

      This matter is before the Court on Plaintiff Emmanuel Shawn Coates' Objections to United States Magistrate Judge Timothy P. Greeley's Report and Recommendation ("Report") of October 17, 2006, which recommends granting Defendants' Motion for Summary Judgment, denying Plaintiff's Motion for Summary Judgment and dismissing the case in its entirety. This Court reviews the Report, Plaintiff's Objections, and pertinent portions of the record *de novo* in accordance with 28 U.S.C. § 636(b)(1)(B).

      Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,  255 (1986)) (other citations omitted). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

Plaintiff maintains that the Magistrate Judges's recommendation erroneously grants summary judgment to Defendants where it was found that Plaintiff could not establish he suffered an adverse action that would deter a person of ordinary firmness from engaging in the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (*en banc*). More specifically, Plaintiff objects to the Magistrate Judge's recitation and application of the facts.

The Magistrate Judge found that Plaintiff was transferred from the general population of Ojibway Correctional Facility ("OCF") to the general population of Thumb Correctional Facility ("TCF") and was given the same job at the same rate of pay. Plaintiff vigorously contends that he was not awarded the same job: Plaintiff was a legal writer at OCF and is now a law clerk at TCF. Plaintiff avers that there is a vast difference between the job of a legal writer and the job of a law clerk and his change in position rose to the level of adverse affect. The Court notes that Plaintiff held the job of legal writer at OCF on a contingent basis, as he was not technically trained for the position and the facility expected to receive a trained legal writer in the near future. (See Defs.' Mot. Summ. J., Ex. D.) Therefore, had Plaintiff not been transferred to TCF, he would have become a law clerk at OCF, regardless. (*Id.*)

Plaintiff also claims that the Magistrate Judge erred in stating that he is paid the same amount but only works half days at TCF. Plaintiff argues that the fact he was paid less at his new job also supports his contention that he suffered an adverse affect.[1] However, the Court notes that it was Plaintiff who stated in his Response to Defendants' Motion for Summary Judgment that "Defendant's claim that Plaintiff was paid $3.34 per day at TCF as at OCF is untrue. Plaintiff was paid at a rate of $1.67, half of the $3.34 he earned at OCF because he only worked half days at TCF." (Pl.'s Resp. 7.) Although the Court notes Plaintiff disputes this characterization now, it is not dispositive of the issue of whether an adverse action was taken.

It is clearly established that "in the context of a First Amendment retaliation claim, a prisoner is expected to endure more than the average citizen and enjoys no protected right to remain incarcerated in a given correctional facility." *Hix v. Tenn. Dep't of Corr.*, 2006 WL 2431103, Slip Op. at 6 (6th Cir. Aug. 22, 2006) (citing *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). However, where a transfer results in foreseeable consequences that inhibit the prisoner's ability to access the courts, then such a transfer would deter a person of ordinary firmness from continuing to engage in the protected conduct. *Sigger-El*, 412 F.3d at 702 (holding adverse action where a transfer resulted in plaintiff losing a high paying job that paid for his lawyer fees and the transfer moved him further from the attorney).

---

[1]Plaintiff also alleges that Defendants were responsible for a negative work evaluation in his institutional file; however, the Court notes in Plaintiff's own words, "[e]ven the July 19, 2004 evaluation score of 32 that Defendant gave Plaintiff, is a satisfactory score under the MDOC standard." (*Id*. at 3.) Therefore, the Court does not consider this to contribute or create an adverse action on the part of Defendants.

After careful review of the record, the Court agrees with the Magistrate Judge's recommendation that Plaintiff's transfer from a non-permanent legal writing position for at which he was not technically qualified for, to a law clerk position that he was qualified for a lesser pay and exclusion from a writer's program, did not have the required chilling effect to support his First Amendment retaliation claim. Plaintiff's transfer to another prison and his alleged demotion to a job that he was qualified for is a *de minimus* negative effect and therefore cannot support a First Amendment retaliation claim. Where Plaintiff has not shown any of the aggravating circumstances the Sixth Circuit Court of Appeals set forth in *Siggers-El*, Plaintiff has failed to allege an adverse action that would deter a person of ordinary firmness in engaging in the protected conduct. *See Hix*, 2006 WL 2431103, Slip Op. at 6.

For these reasons, the Court will deny Plaintiff's Objection to the Report and adopt the Report. The Court will also grant Defendants' Motion for Summary Judgment, deny Plaintiff's Motion for Summary Judgment and dismiss Plaintiff's action in its entirety. Additionally, the Court will deny Plaintiff's discovery motions and his Motion for a settlement conference and appointment of counsel as moot. Further, the Court certifies that an appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3).

A Final Judgment consistent with this Opinion shall issue.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>November 17, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |