UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EMANUEL SHAWN COATES,
    Plaintiff,

        No. 2:05-cv-003

-v-

        HONORABLE PAUL L. MALONEY

KATHERINE KAFCZYNSKI, ET AL.,
    Defendants.

ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

Plaintiff Emanuel Coates, a prisoner under the control of the Michigan Department of Corrections (MDOC), filed a motion (Dkt. No. 304) for reconsideration.

As background, Plaintiff filed a motion (Dkt. No. 300) to temporarily suspend the collection of court ordered filing fees from his prison trust account. The magistrate judge summarily denied (Dkt. No. 301) the motion. Plaintiff filed an objection. (Dkt. No. 302.) This Court overruled (Dkt. No. 303) the objection, explaining Plaintiff had not demonstrated the magistrate judge's order was either clearly erroneous or contrary to law. Plaintiff now requests reconsideration. Plaintiff argues it is impossible for him to demonstrate the magistrate judge's order was neither clearly erroneous nor contrary to law because the order contains neither facts nor law.

Under the Local Rule of Civil Procedure for the Western District of Michigan, a court may grant a motion for reconsideration when the moving party demonstrates both a "palpable defect" by which the Court and parties have been misled and a showing that a different disposition of the case must result from the correction of the mistake. W.D. MICH. L. R. CIV. P. 7.4(a).

Assuming Plaintiff can establish a palpable defect, Plaintiff cannot establish a different disposition must result from the correction of the mistake. In his original motion (Dkt. No. 300),

Plaintiff supplied no authority to support his request for temporary suspension of the collection of his filing fees. Similarly, Plaintiff's objection (Dkt. No. 302) contains no authority to support the assertion that a district court has the ability to temporarily suspend the collection of court ordered filing fees. Plaintiff alleges the Prison Litigation Reform Act (PLRA), 28 USC § 1915 "does not preclude a judge from the free exercise of his or her discretion in granting a motion to temporarily suspend the collection of court ordered filing fees." (*Id.* at 3.) Plaintiff has not established that such discretion exists. In Plaintiff's motion for reconsideration (Dkt. No. 304), he cites three court cases, all of which were issued prior to 1996 when the PLRA was enacted. *See Tucker v. Branker*, 142 F.3d 1294, 1298-1299 (D.C. Cir. 1998). Plaintiff's authority does not establish this Court has discretion to temporarily suspend the collection of his court ordered filing fees. This Court has found no authority to support Plaintiff's proposition that it may temporarily suspend the collection of court ordered filing fees.

Even if Plaintiff could establish the court has discretion to temporarily suspend the collection of fees, the facts presented do not warrant such suspension. Plaintiff argues he is forced to take institutional loans to pay for personal hygiene products, over the counter medications and stamps. These products do not constitute the sort of life necessities a state must provide a prisoner, and instead constitute the sort of choices a prisoner must make when faced with limited funds. *See Tucker*, 142 F.3d at 1298 (citing *Lumbert v. Illinois Dep't of Corrs.*, 827 F.2d 257, 260 (7th Cir. 1987)). Temporarily suspending the collection of the fees would not alter Plaintiff's spending habits. Rather, granting Plaintiff's request simply shifts the priority of the entities collecting on his debts. On these facts, Plaintiff is not entitled to the temporary suspension of the fees collected on his court filings.

Having reviewed Plaintiff's original motion, Plaintiff is not entitled to the requested relief. The magistrate judge did not err, either factually or legally, in denying the motion. This Court did not err in overruling Plaintiff's objection to the magistrate judge's order. Accordingly, Plaintiff's motion for reconsideration (Dkt. No. 304) is **DENIED. IT IS SO ORDERED.**

Date:   August 31, 2009                                    /s/ Paul L. Maloney
                                                                                                                          Paul L. Maloney
                                                                                                                          Chief United States District Judge